UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS | * | |
| OF THE PORT OF NEW ORLEANS | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| MS MIA-G GmbH & Co. KG, *in personam*, | * | JUDGE |
| M/V MIA-S *in rem*, and | * | |
| ASPEN AMERICAN INSURANCE | * | MAGISTRATE |
| COMPANY | * | |

*************************************************************************

**<u>VERIFIED COMPLAINT</u>**

Plaintiff, the BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS ("BOARD"), files its Verified Complaint against Defendants, MS MIA-G GmbH & Co. KG, *in personam*, the M/V MIA-S, her engines, tackle and appurtenances, *etc*., and other property aboard said vessel, *in rem*, and the ASPEN AMERICAN INSURANCE COMPANY, and upon information and belief avers as follows:

1.

This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1331. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(B) because the events and circumstances giving rise to the claims stated herein occurred within this judicial district.

3.

The BOARD is a political subdivision of the State of Louisiana, within the jurisdiction of this Court, and at all material times owned the Nashville Avenue Wharf on the east bank of the Mississippi River in Orleans Parish.

4.

Defendant MS MIA-G GmbH & Co. KG (hereinafter "VESSEL OWNER") is the sole owner of the M/V MIA-S and is a foreign corporation which was at all material times doing business within the jurisdiction of this Court.

5.

Defendant M/V MIA-S (hereinafter the "VESSEL") was and is a bulk carrier, IMO# 9456147, MMSI# 305442000, with a length of approximately 189.99 meters and a breadth of approximately 32.64 meters. The VESSEL is flying the flag of Antigua and Barbuda.

6.

Defendant, ASPEN AMERICAN INSURANCE COMPANY (hereinafter "ASPEN AMERICAN") is a foreign insurance and surety company authorized to do and doing business in the State of Louisiana.

7.

On August 18, 2017, the VESSEL was under sail and traveling downstream on the Mississippi River when it lost power, causing the VESSEL's crew to deploy anchors to arrest its continued movement. Before coming to a full stop, the VESSEL rotated 180 degrees, and its bow struck the Nashville Avenue Wharf A, resulting in substantial property damage to the wharf.

8.

The allision was caused solely through the fault of the VESSEL and those responsible for her condition, navigation, and operation, including the VESSEL OWNER, in the following non-exclusive particulars:

a. The VESSEL was unseaworthy;

b. The individuals in charge of navigating and maintaining the VESSEL were careless, improperly trained, incompetent, and/or inattentive to their duties, in violation of the navigational rules and other applicable statutes and regulations;

c. The VESSEL OWNER and managers of the VESSEL failed to properly inspect and maintain the VESSEL, failed to ensure that the VESSEL was properly and sufficiently crewed with individuals capable of performing operations and failed to take all actions necessary to ensure that the VESSEL was seaworthy in advance of the voyage in question;

d. The crew of the VESSEL failed to properly maintain and monitor her engine(s) and its control systems and/or auxiliary engine(s) and/or generator(s);

e. The VESSEL lost control of her course;

f. The VESSEL and/or the VESSEL OWNER and/or her crew failed to do what should have been done to avoid the aforesaid allision;

g. The VESSEL failed to take early and substantial action to avoid alliding with the Nashville Avenue Wharf A owned by the BOARD; and

    h. The BOARD reserves the right to amend and supplement this paragraph of its Verified Complaint and to specify further or different faults and/or negligent acts or omissions of the Defendants as the evidence obtained through discovery may later support.

9.

The BOARD specifically pleads the presumption of negligence and fault otherwise known as the Rule of *The Oregon* and presumption of causation otherwise known as the Rule of *The Pennsylvania.*

10.

As a proximate cause of the allision, the BOARD has suffered and continues to suffer various damages, including physical damage to the Nashville Avenue Wharf A, repair damages, lost revenues, loss of use and business, among other damages which will be proven at trial on the merits. The BOARD's damages are currently estimated to equal or exceed THREE MILLION TWO HUNDRED FIVE THOUSAND FIVE HUNDRED DOLLARS ($3,205,500.00).

11.

In lieu of the BOARD arresting the VESSEL in accordance with Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the VESSEL OWNER procured a Release Bond from ASPEN AMERICAN in the amount of $3,205,500.00 dollars, which bond substituted for the arrest of the VESSEL, with the bond binding those parties to pay any final judgment that may be rendered in favor of the BOARD by this Court against either the VESSEL and/or the VESSEL OWNER for damages resulting from the aforesaid allision.

12.

Defendants also agreed in the terms and conditions of the Release Bond that pursuant to Rule E(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that interest on the BOARD's principal amount shall accrue at six percent (6%) per annum.

13.

The VESSEL OWNER further agreed in the Release Bond that, upon demand made by the BOARD, it would file an appearance and claim of ownership on behalf of the VESSEL, *in rem*, and an appearance on behalf of the VESSEL OWNER, *in personam*, in any suit filed by the BOARD in this Court.

WHEREFORE, Plaintiff, the BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, prays: (1) that this Verified Complaint be deemed good and sufficient; (2) that after due proceedings that this Court enter a Judgment in its favor together with interest and court costs against Defendants, MS MIA-G GmbH & Co. KG, *in personam,* the M/V MIA-S, *in rem*, and ASPEN AMERICAN INSURANCE COMPANY; and (3) that a Judgment be entered awarding the BOARD any and all other relief to which it is entitled.

> Respectfully submitted,
>
> /s/ Charles M. Pisano
> CHARLES M. PISANO, T.A. (La. Bar No.19107)
> RICHARD L. SEELMAN (La. Bar No. 17241)
> JAN K. FRANKOWSKI (La. Bar No. 23080)
> ROEDEL PARSONS KOCH BLACHE
>   BALHOFF & McCOLLISTER
> 1515 Poydras Street • Suite 2330
> New Orleans, Louisiana 70112-3720
> Telephone: (504) 274-1904

Email: cpisano@roedelparsons.com
       rseelman@roedelparsons.com
       jfrankowski@roedelparsons.com

and

Thomas Louis Colletta, Jr. (Bar No. 26851)
Michelle W. Scelson (Bar No. 33428)
Port of New Orleans
1350 Port of New Orleans Place
New Orleans, Louisiana 70130
Telephone (504) 528-3231
Email: collettal@portno.com
       scelsonm@portno.com

**ATTORNEYS FOR PLAINTIFF,**
**BOARD OF COMMISSIONERS**
**OF THE PORT OF NEW ORLEANS**